[No. G041661. Fourth Dist., Div. Three. June 14, 2010.]

RICHARD C. SORIA, JR., et al., Plaintiffs and Respondents, v.
RICHARD R. SORIA et al., Defendants and Appellants.

COUNSEL

Law Office of Stanley L. Moerbeek and Stanley L. Moerbeek for Defendants and Appellants.

Law Offices of Roger E. Naghash and Roger E. Naghash for Plaintiffs and Respondents.

OPINION

FYBEL, J.—

## INTRODUCTION

Probate Code section 17211, subdivision (b)[1] permits a probate court to award attorney fees to the beneficiary of a trust who "contests the trustee's account" if the court determines the trustee's opposition to the contest was "without reasonable cause and in bad faith." Based on section 17211(b), the trial court (not a probate court) granted the motion for attorney fees brought by Richard C. Soria, Jr., Barbara Soria, Eleanor I. Soria, and Renee R. Soria (Grandchildren), and awarded them attorney fees against their grandparents Richard R. Soria and Lynda F. Soria (Grandparents). Grandparents appeal from that order and the portion of the amended judgment incorporating the attorney fees award. We reverse.

Section 17211(b) does not permit recovery of attorney fees in this case for the simple reason Grandchildren did not contest a trustee's account. Instead, Grandchildren pursued a civil action against Grandparents, alleging they breached their duties as trustees, and sought an injunction to compel Grandparents to produce an account. The very existence of a trust was in dispute. At trial, there was no contest of a trustee's account within the meaning of section 17211(b). The recent decision of *Leader v. Cords* (2010) 182 Cal.App.4th 1588 [107 Cal.Rptr.3d 505] (*Leader*) is distinguishable and does not alter our conclusion Grandchildren could not recover attorney fees under section 17211(b).

Section 17211(b) permits an attorney fees award only as a surcharge against the trustee's compensation from or interest in the trust. Because this case was prosecuted as a civil lawsuit, the attorney fees award became part of a money judgment against Grandparents and was not surcharged against

---

[1] Further code references are to the Probate Code unless otherwise indicated. Probate Code section 17211, subdivision (b) will be referred to henceforth as section 17211(b).

future compensation or interest in the trust. Section 17211(b) does not permit attorney fees to be awarded in such a manner.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

Richard C. Soria, Sr. (Father), and Irene R. Sarinana (Mother) are the parents of Grandchildren. Grandparents are the parents of Father.

On March 13, 1993, Father and Mother owned property on West Fourth Street in Santa Ana. On that date, Father and Mother, on the one hand, and Grandparents, on the other, entered into a written agreement (the Agreement).

The Agreement, handwritten on a form, identified Father and Mother as the "First Part" and identified Grandparents as the "Second Part." The handwritten portion of the Agreement reads: "The First Part agrees to sign over Grant deed of house, Located at 5417 W 4th St. City of Santa Ana, County of Orange. State of Calif. Lot 8 block tract 547. Reasons being First Part cannot afford completions of or pmts. of 1st & 2nd mor[t]gage total of $1200.00 per mo. [¶] First Part agreement is only. [¶] . . . [¶] [W]hen second Part is paid all money paid out to to [sic] date on mor[t]gage's & has spent on constructions & will have to spend [¶] at such time if divorce occurs between First Parts & or Second part is paid back in full, Grant deed will be turned back to [¶] Richard C. Soria—Father [¶] Richard C. Soria Jr[.] son [¶] Barbara Soria—daughter [¶] Eleanor I. Soria—daughter [¶] Rene[e] R. Soria—daughter."

In June 2005, Mother and Grandchildren sued Grandparents and Father, alleging the Agreement was a trust agreement, Grandparents were the trustees, and Father, Mother, and Grandchildren were the beneficiaries. The complaint alleged that pursuant to the Agreement, Grandparents "agreed and appointed to be the trustees, of a trust, and receive legal title to the Subject Property, for safe keeping purposes and for the sole benefit of [the beneficiaries]." Mother and Grandchildren alleged that in August 2003, they demanded that Grandparents, as trustees, transfer legal title to the house to the beneficiaries and provide an accounting, and that Grandparents refused to comply with those demands. The first amended complaint, the operative pleading, asserted causes of action for fraud, breach of contract, rescission, breach of fiduciary duty, common counts, and money had and received, and requested an injunction to convey the property to Mother and Grandchildren and to prepare an accounting.

Mother and Grandchildren filed and pursued the lawsuit as a civil action rather than as a probate matter.

In November 2006, the trial court granted Grandparents' nonstatutory motion for judgment on the pleadings on the ground every cause of action in

the complaint was time-barred under the relevant statutes of limitations. In a prior opinion, *Sarinana v. Soria* (Aug. 28, 2007, G037930) (nonpub. opn.), a panel of this court reversed and remanded.

After remand, the trial court granted Father's motion for judgment on the pleadings without leave to amend and granted Grandparents' motion for judgment on the pleadings against Mother. Grandchildren's claims against Grandparents were tried to a jury. The jury found the Agreement constituted an express trust, Grandparents breached the terms of the trust, and Grandchildren were entitled to receive the property. A verdict was not submitted on the fraud cause of action and no findings were made on that claim.

In October 2008, a judgment was entered ordering Grandparents to convey the subject property to Grandchildren on condition (1) Grandchildren pay $56,083.23 to Grandparents; and (2) Grandchildren assume the existing mortgage or obtain new financing. On the same date, separately from the judgment, a restraining order was entered requiring Grandparents to make necessary payments on and maintain the subject property until it was conveyed to Grandchildren, and enjoining Grandparents from damaging, alienating, or encumbering the subject property. Neither the judgment nor the restraining order required Grandparents to submit an accounting.

In December 2008, Grandchildren moved to recover attorney fees of $296,510.50 from Grandparents under section 17211(b). The trial court granted the motion and awarded Grandchildren $263,025 in attorney fees.

An amended judgment incorporating the attorney fees award was entered in February 2009. Grandparents appealed from the amended judgment and from the order granting Grandchildren's motion for attorney fees.

## DISCUSSION

### I. *Section 17211(b)*

■ "Under the American rule, as a general proposition each party must pay his own attorney fees. This concept is embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise." (*Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 504 [198 Cal.Rptr. 551, 674 P.2d 253], fn. omitted.) There are a few exceptions to this rule, but none is applicable here. (*Id.* at p. 505.)

■ The Agreement does not include an attorney fees provision. Grandchildren assert only one statutory basis for attorney fees: section

17211(b). It provides: "*If a beneficiary contests the trustee's account* and the court determines that the trustee's opposition to the contest was without reasonable cause and in bad faith, the court may award the contestant the costs of the contestant and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded shall be a charge against the compensation or other interest of the trustee in the trust. The trustee shall be personally liable and on the bond, if any, for any amount that remains unsatisfied." (Italics added.) As explained in *Estate of Bonaccorsi* (1999) 69 Cal.App.4th 462, 473 [81 Cal.Rptr.2d 604], "where successful, the beneficiaries must bear their own attorney fees in contesting an accounting of an estate. An exception exists only where the administrator opposes the contest 'without reasonable cause and in bad faith.' "

 We review issues of statutory interpretation de novo. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54].) The primary purpose of statutory construction is to ascertain the Legislature's intent. (*Id.* at p. 919.) We first consider the statutory language, "being careful to give the statute's words their plain, commonsense meaning." (*Ibid.*) "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Ibid.*) If our analysis of the statutory language "leaves doubt about its meaning, we may consult other evidence of the Legislature's intent, such as the history and background of the measure." (*People v. Birkett* (1999) 21 Cal.4th 226, 231–232 [87 Cal.Rptr.2d 205, 980 P.2d 912].)

 We recognize section 17211(b) is a remedial statute and therefore must be liberally construed. (*Leader, supra*, 182 Cal.App.4th at p. 1598.) Section 17211(b) refers to a beneficiary's contest of a trustee's accounting. In this case, Grandchildren did not contest a trustee's accounting.

 The probate court has exclusive jurisdiction over proceedings concerning the internal affairs of the trust. (§ 17000, subd. (a).) Such proceedings include "[d]etermining questions of construction of a trust instrument"; "[d]etermining the existence or nonexistence of any immunity, power, privilege, duty, or right"; "[s]ettling the accounts and passing upon the acts of the trustee"; "[i]nstructing the trustee"; "[c]ompelling the trustee to report information about the trust or account to the beneficiary" if certain conditions have been met; "[c]ompelling redress of a breach of the trust by any available remedy"; and "[a]pproving or directing the modification or termination of the trust." (§ 17200, subd. (b)(1), (2), (5), (6), (7), (12), (13).) A proceeding

concerning the internal affairs of a trust is initiated by petition to the probate court pursuant to sections 17200, subdivision (a) and 17201.[2]

Section 17211(b) refers to a beneficiary's contest of a trustee's accounting—a matter falling squarely within the internal affairs of a trust. Grandchildren did not file a petition under sections 17200, subdivision (a) and 17201 to contest a trustee's account. They did file a civil complaint,[3] but it did not contest an account. The complaint asserted that the Agreement constituted a trust, and that Grandparents were the trustees, committed fraud, breached their duties as trustees, breached the terms of the Agreement, and failed to account. The complaint sought an injunction to compel Grandparents to produce an account.

At trial, an accountant testified on Grandparents' behalf and presented an account. Although counsel for Grandchildren cross-examined the accountant, they did not contest the account by petition under sections 17200, subdivision (a) and 17201 or otherwise. The account served as the basis for calculating the amount Grandparents owed to Grandchildren under the judgment. Thus, if Grandchildren did anything at trial that could be construed as a contest to the account, the contest was unsuccessful.

■ Grandchildren argue their request for injunctive relief was tantamount to a contest of Grandparents' failure to account and therefore comes within section 17211(b). This argument fails for two reasons. First, the Probate Code recognizes a difference between a contest to an existing account and a proceeding to compel the trustee to account. Section 17200, subdivision (b)(7) refers specifically to "[c]ompelling the trustee to report information about the trust or account to the beneficiary." To compel the trustee to account, either (1) the trustee must have failed to provide an account within 60 days after the beneficiary's written request, or (2) no report or account has been made within six months preceding the request. (§ 17200, subd. (b)(7).) In contrast, section 17211 refers specifically to a beneficiary's *contest* to the trustee's

---

[2] Section 17201 states: "A proceeding under this chapter [(Prob. Code, div. 9, pt. 5, ch. 3)] is commenced by filing a petition stating facts showing that the petition is authorized under this chapter. The petition shall also state the grounds of the petition and the names and addresses of each person entitled to notice of the petition."

Section 17211 falls within Probate Code, division 9, part 5, chapter 3.

[3] The probate court had exclusive jurisdiction over Grandchildren's claims to redress Grandparents' alleged breach of trust and breach of the Agreement, and to compel Grandparents to account and maintain trust property. (§ 17000, subd. (a).) By hearing a matter within the probate court's exclusive jurisdiction, a trial court acts merely in excess of jurisdiction, not without jurisdiction. (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1345 [2 Cal.Rptr.3d 798].) In this case, no party has objected to the trial court's exercise of jurisdiction over a matter exclusively within the probate court's jurisdiction, and therefore the trial court merely acted in excess of jurisdiction. (*Ibid.*) As a result, the judgment is not void. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56 [14 Cal.Rptr.3d 50, 90 P.3d 1209].)

account, not to a proceeding under section 17200, subdivision (b)(7) to compel the trustee to account. If the Legislature intended to include within section 17211 a proceeding to compel the trustee to account, it would have expressly done so.

Second, sections 17200, subdivision (a) and 17201 require a proceeding concerning the internal affairs of a trust, which includes a contest to an account, be initiated by petition. Grandchildren did not follow that procedure. Grandparents' failure to object to civil court jurisdiction did not relieve Grandchildren of compliance with the required Probate Code procedures for initiating a contest to an account. Regardless whether Grandparents waived jurisdictional defects, the request for injunctive relief was not a petition under sections 17200, subdivision (a) and 17201, and therefore did not constitute a contest to an account within the meaning of section 17211(b).

■ The manner in which section 17211 charges a trustee with attorney fees demonstrates too that the statute is applicable only to a contest to an account properly initiated by petition under sections 17200, subdivision (a) and 17201. Section 17211(b) states the amount of attorney fees awarded "shall be a charge against the compensation or other interest of the trustee in the trust." A surcharge against the trustee's compensation or interest cannot be accomplished in a civil action where the result is a final money judgment against the trustee. The amended judgment in this case does not surcharge Grandparents but states they "must pay" Grandchildren their costs and attorney fees. The failure of the amended judgment to impose attorney fees in compliance with section 17211(b) is an additional ground for reversal.

## II. *The* Leader *Case*

After oral argument in this case, Division One of the Fourth Appellate District of the Court of Appeal issued *Leader, supra,* 182 Cal.App.4th 1588, which interpreted section 17211(b). In response to our invitation, both Grandparents and Grandchildren filed letter briefs addressing *Leader.*

In *Leader,* the trustee produced an account revealing the trust had assets, but, due to a collateral dispute, refused to make a final distribution to the trust beneficiaries. (*Leader, supra,* 182 Cal.App.4th at p. 1591.) The beneficiaries successfully petitioned the probate court for an order compelling the trustee to make a final distribution and for an order compelling the trustee to reimburse the beneficiaries' attorney fees pursuant to section 17211(b). (*Leader, supra,* at p. 1592.) The probate court ordered the trustee to make a final distribution but denied the beneficiaries' request for attorney fees because " 'this is not an action on an accounting.' " (*Id.* at p. 1594.)

The Court of Appeal reversed, concluding section 17211(b) applied to the beneficiaries' petition to compel a distribution. (*Leader, supra,* 182 Cal.App.4th at p. 1599.) The court reasoned that section 17211(b) is a remedial statute "intended to protect beneficiaries who contest trustees' accounts from liability for attorney fees incurred as a result of their unreasonable and bad faith oppositions." (*Leader, supra,* at p. 1597.) As a remedial statute, section 17211(b) must be liberally construed, and, read liberally, the phrase "contests the trustee's account" encompassed the beneficiaries' petition for a final distribution. (*Leader, supra,* at p. 1598.) The trustee's account disclosed the trustee was withholding trust assets and the only remaining act for the trustee to carry out was a distribution of those assets. "[The trustee]'s duty to account was inseparable from his duty to carry out the terms of the Trust by distributing the remaining Trust assets, and [the beneficiaries'] petition arose from and was directly related to his account." (*Id.* at pp. 1598–1599.) A beneficiary may contest a trustee's account based on a distribution made from the trust; therefore, the court reasoned, a challenge to an omitted distribution "equally qualifies as a 'contest[] [of] the trustee's account.' " (*Id.* at p. 1599.)

Our conclusion is not inconsistent with *Leader* because it differs from this case in several significant ways. The beneficiaries in *Leader* pursued a petition in the probate court to compel the trustee to make a final distribution of trust assets. Here, in contrast, Grandchildren did not follow the Probate Code procedures for proceedings concerning the internal affairs of a trust but pursued a civil action asserting a variety of causes of action. In *Leader,* the petition to compel the trustee to make a final distribution arose from and was directly related to the trustee's accounting. Here, Grandchildren's lawsuit did not arise out of an accounting. Grandchildren and Grandparents disputed whether a trust even existed.

Section 17211 is a remedial statute, but liberal construction can only go so far. We decline to expand the scope of section 17211(b) so far as to include Grandchildren's civil action, tried to a jury, for fraud, breach of contract, rescission, breach of fiduciary duty, common count, and money had and received, and for injunctive relief. To do so would in effect turn section 17211(b) into a statutory basis for recovery of attorney fees in virtually any case in which the existence of a trust is in dispute or any action of a trustee is challenged. We do not discern any intent by the Legislature to reach that result by enacting section 17211(b).

## DISPOSITION

The order granting Grandchildren's motion for attorney fees and that portion of the amended judgment awarding attorney fees are reversed. Appellants shall recover their costs incurred on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.

On June 24, 2010, the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied September 1, 2010, S184803.