Filed 4/28/14  Holt v. Denholm CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CLUNIES A. HOLT et al., | |
|    Plaintiffs and Appellants, | G046293 |
|      v. | (Super. Ct. No. 06CC12290) |
| DAVID M. DENHOLM, | O P I N I O N |
|    Defendant and Respondent. | |
| _____ | |
| CLUNIES A. HOLT et al., | |
|    Plaintiffs and Respondents, | G046425 |
|      v. | |
| CALCO PROPERTIES, LLC, | |
|    Defendant and Appellant. | |

Appeal from postjudgment orders of the Superior Court of Orange County, David C. Velasquez and Steven L. Perk, Judges.  Affirmed in part, reversed in part, and remanded.

Law Office of William B. Hanley and William B. Hanley; Law Office of Laura Sullivan and Laura M. Sullivan for Plaintiffs, Appellants, and Respondents Clunies A. Holt and Clunies E. Holt.

Hinojosa & Wallet, Jeffrey Forer and Shannon H. Burns for Defendant and Appellant CALCO Properties, and for Defendant and Respondent David M. Denholm.

\*   \*   \*

This court has before it several appeals arising from a long drawn out dispute between the beneficiaries of a family trust (the Trust) formed in 1973.  This opinion addresses the appeal and cross-appeal arising from postjudgment orders regarding attorney fees.  The appeal concerns the trial court's denial of a motion for attorney fees brought by Clunies A. and Clunies E. Holt (hereafter the Holts).  They requested attorney fees under Probate Code section 17211, subdivision (b).[1]  That statutory provision permits a probate court to award attorney fees to the beneficiary of a trust who "contests the trustee's account" if the court determines the trustee's opposition to the contest was "without reasonable cause and in bad faith."  (§ 17211(b).)  The Holts argue the trial court improperly determined the civil action did not qualify as a contest to the trustee's accounting and failed to recognize the trustee acted in bad faith.  We conclude the contention lacks merit, and we affirm the order denying the Holts' attorney fee motion.

The second issue presented in the Holts' appeal is also the topic of the cross-appeal.  Both challenge different aspects of the court's decision to grant

---

[1]       All further statutory references are to the Probate Code, unless otherwise indicated.  Section 17211, subdivision (b), is referred to henceforth as section 17211(b).

2

CALCO Properties LLC (hereafter CALCO Properties) attorney fees under Civil Code section 1717. The Holts maintain the award is improper because the action was not "on the contract" as required by Civil Code section 1717, and they were not parties to CALCO Properties' operating agreement containing the attorney fee provision. The Holts also assert CALCO Properties failed to produce sufficient evidence it incurred attorney fees. We reject the Holts' contentions. In its appeal, CALCO Properties contends the court erred in using a simplistic formula to calculate the attorney fee award. We conclude only part of CALCO Properties' argument has merit. Accordingly, the order granting attorney fees is affirmed in part because we must reverse the portion of the order calculating the amount of the award. The matter is remanded to permit the trial court to determine the actual amount of recoverable attorney fees based on the billing statements already provided and any other supporting documentation submitted by the parties on remand.

I

David M. Denholm was appointed trustee in 1973, and served as the sole trustee for approximately 34 years. Denholm managed the Trust after his father died in 1984, and after his mother died (at the age of 100 years old) in 2005. The following year, on October 10, 2006, the Holts filed a petition to compel an accounting in probate court (hereafter the accounting action). They requested Denholm provide an accounting for the past 34 years, but the probate court directed Denholm to provide an accounting for only the year prior to Denholm's mother's death.

Denholm filed an accounting, and the Holts filed objections. Trial on this matter has been stayed pending resolution of the appeals arising from the Holts' civil action, filed 45 days after the accounting action.

The Holts' civil action was filed on November 22, 2006. Denholm resigned as trustee in December 2007. The gravamen of the complaint is Denholm stole money from the Trust for his personal benefit. It was alleged he entered into various

3

real estate ventures using the Trust assets and by creating and using various limited liability companies, corporations, and partnerships.

Casting a broad net, the Holts sued Denholm along with the following 22 entities (hereafter referred to collectively as the Denholm Related Entities, unless the context requires otherwise):  (1) DDC Vander, LLC (Vander); (2) DDC McGraw, LLC (McGraw); (3) La Grange, Ltd. (La Grange); (4) 221 Opal, LLC (Opal); (5) 115 Topaz, LLC (Topaz); (6) 320 Amethyst, LLC (Amethyst); (7) CALCO Santa Ana II, LLC (CALCO II); (8) CALCO HGC I, LLC (CALCO I); (9) CALCO Properties, LLC (CALCO Properties); (10) Snowco, LLC (Snowco); (11) C. Snowco, LLC (C. Snowco); (12) Evergreen Midtown Plaza LLC (Evergreen); (13) 2622 Santa Ana, LLC (SA); (14) CABOCO, LLC (CABOCO); (15) DDC Restaurants, Inc. (DDC); (16) Bundy Plaza-WLA, LTD (Bundy Plaza); (17) 2295 Pacific, LLC (Pacific); (18) 610 Poinsettia, LLC (Poinsettia); (19) Fox Hills Business Park, LP (Fox Hills BP); (20) Sword I, Inc. (Sword); (21) Anndeen Ltd. (Anndeen); and (22) Denholm, Harris & Company (DHC).

In the operative complaint, the fifth amended complaint (FAC), the Holts sued Denholm, the Denholm Related Entities, HGC Irvine, LLC (HGC), Denholm's ex-wife, and Denholm's business partners, Timothy H. Harris (Harris) and Waterpointe Development Companies, LLC (Waterpointe).  They alleged the following causes of action against Denholm:  (1) breach of fiduciary duty (first and tenth causes of action); (2) constructive fraud (second cause of action); (3) aiding and abetting breach of fiduciary duty (third cause of action); (4) fraud by concealment (fifth cause of action); (5) elder abuse (sixth cause of action); and (6) conversion (seventh cause of action).

The Holts also sued six limited liability companies[2] for aiding and abetting a breach of fiduciary duty (third cause of action).  Waterpointe, HGC, CALCO I and CALCO Properties were sued for aiding and abetting breach of fiduciary duty

---

[2]     The six entities were McGraw, Vander, CALCO II, CABOCO, Evergreen, and CALCO Properties.

4

(fourth cause of action) and for fraud by concealment (eighth cause of action). The Holts sued Denholm's ex-wife for conversion (seventh cause of action). The Holts sued 15 Denholm Related Entities for fraud by concealment (ninth cause of action). They alleged all the defendants, except Waterpointe and HGC, were liable for fraud by concealment (fifth cause of action).

After the Holts presented their case-in-chief at trial, all the defendants (except Denholm) requested dismissal. The court granted the motions. The court found in favor of Denholm and against the Holts on the third, fourth, fifth, and sixth causes of action. It dismissed the tenth cause of action (breach of fiduciary duty regarding attorney fees paid by the Trust) on the grounds the court lacked "jurisdiction on matters related to the internal affairs of the Trust." It found in favor of the Holts "on behalf of the . . . Trust" and against Denholm on the first, second, and seventh causes of action (breach of fiduciary duty, constructive fraud, and conversion respectively).

The court awarded the Trust damages totaling $5,751,682.18. After the judgment was entered, the court granted HGC and Waterpointe's request for attorney fees, totaling $479,164.25. The court granted CALCO Properties' request for attorney fees against "the plaintiffs, both jointly and severally." However, the court continued the hearing to permit supplemental briefing and additional evidence on whether the amount of fees claimed was reasonable. At the continued hearing, the court awarded CALCO Properties $21,333. The court denied the Holts' motion for attorney fees.

II

A. *The Holts' Motion For Attorney Fees*

"'Under the American rule, as a general proposition each party must pay his own attorney fees. This concept is embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise.' [Citation.] There are a few

5

exceptions to this rule, but none is applicable here. [Citation.]" (*Soria v. Soria* (2010) 185 Cal.App.4th 780, 785 (*Soria*).)

The Holts assert only one statutory basis for attorney fees—section 17211(b). It provides: "If a beneficiary contests the trustee's account and the court determines that the trustee's opposition to the contest was without reasonable cause and in bad faith, the court may award the contestant the costs of the contestant and other expenses and costs of litigation, including attorney[] fees, incurred to contest the account. The amount awarded shall be a charge against the compensation or other interest of the trustee in the trust. The trustee shall be personally liable and on the bond, if any, for any amount that remains unsatisfied." (§ 17211(b).) As aptly explained in *Estate of Bonaccorsi* (1999) 69 Cal.App.4th 462, 473, "where successful, the beneficiaries must bear their own attorney fees in contesting an accounting of an estate. An exception exists only where the administrator opposes the contest 'without reasonable cause and in bad faith.'"

The Holts assert this statutory language is ambiguous and must be construed liberally to include any action (including all civil actions) "relating to" an accounting. To support this contention they rely on *Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1598 (*Leader*), holding the phrase "contests the trustee's account" in section 17211(b) is not defined by statute or case law but the statute is remedial in nature and must be liberally construed to apply to contested matters relating to the account such as a petition to compel a final trust distribution. In the *Leader* case, the proceeding was deemed a contest of the account even though the beneficiaries also sought a determination the trustee's conduct breached the trust. (*Leader, supra,* 182 Cal.App.4th at p. 1599.)

In addition, the Holts argue the evidence amply supports the conclusion Denholm acted in bad faith and without reasonable cause because the court found him liable for breaching his fiduciary duty, fraud, and conversion. The Holts conclude the

6

elements of section 17211(b) were satisfied and the court erred in denying their request for attorney fees.

In response, Denholm provided extensive briefing on the issue of whether this particular civil action qualified as a "contest" of the trustee's account. And while this is an interesting issue, we need not decide it because we have determined the court correctly determined Denholm did not act in bad faith or without reasonable cause in opposing the civil action. As we will now explain, the Holts fail to understand Denholm's liability is not sufficient to trigger section 17211(b), because the statute expressly requires evidence the trustee's *opposition to the lawsuit* was frivolous.

Section 17211(b), plainly states a court may award legal fees to the beneficiary if the court determines the trustee's opposition *to the contest* was in bad faith. The clear purpose of section 17211(b) is to prevent a malevolent trustee from exhausting the assets of the beneficiaries of a trust by means of frivolous opposition to their meritorious objections to a trustee's account. (See *Soria, supra,* 185 Cal.App.4th at p. 787; *Leader, supra,* 182 Cal.App.4th at p. 1598.)

Denholm's opposition to the civil action was not frivolous. He presented meritorious objections to many of the causes of action and prevailed on the third, fourth, fifth, and sixth causes of action. Denholm successfully obtained dismissal of the tenth cause of action on the grounds that matter should be decided in the pending accounting action. Although Denholm was found liable for three causes of action, it cannot be said he litigated the other claims or the issue of damages without reasonable cause or in bad faith simply to exhaust the assets of the Trust and other beneficiaries. We found no cases, and the Holts cite to none, holding section 17211(b) should apply when the trustee prevails on most but not all the claims raised in a contest on the trustee's account.

To the contrary, the court in *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 926 (*Uzyel*), held that even though the trustee acted in bad faith, he had reasonable cause under section 17211(b) to oppose the contest because he prevailed on some claims, and

7

on other claims there were arguable questions about liability and how to measure damages. In that case, the trial court awarded fees on the basis a trustee would only have reasonable cause "if a reasonable attorney knowing the facts known to [the trustee] at the time of his opposition would have believed that his opposition to each claim was legally tenable." (*Uzyel, supra,* 188 Cal.App.4th at p. 925.) The trial court reasoned that when the trustee opposed the beneficiaries' claims in the litigation he "knew the pertinent facts relating to his misappropriations of trust funds, his preparation of 'fraudulent accountings' to conceal his misappropriations, his failure to administer the trusts in the interests of the beneficiaries, his failure to invest prudently, and other misconduct. . . . The court concluded that no reasonable attorney knowing those facts would have believed that [the trustee] could be exonerated if the facts were presented in a truthful manner." (*Ibid.*) The appellate court reversed the order. (*Id.* at pp. 928-929.)

After discussing the "probable cause" test used in malicious prosecution actions, the court held, "The question here is the meaning of 'reasonable cause' with reference to the defense, rather than the prosecution, of a proceeding. Contrary to the trial court, we believe that reasonable cause in this context does not require an objectively reasonable belief, based on the facts then known to the trustee, that the trustee would be completely exonerated. Instead, we believe that reasonable cause to oppose a contest of an account requires an objectively reasonable belief, based on the facts then known to the trustee, either that the claims are legally or factually unfounded or that the petitioner is not entitled to the requested remedies. Conversely, there would be no reasonable cause to oppose a contest of an account only if all reasonable attorneys would have agreed that the opposition was totally without merit, or, in other words, no reasonable attorney would have believed that the opposition had any merit. As with probable cause, we independently review the trial court's finding on the existence of reasonable cause absent any factual dispute as to [the trustee's] knowledge at the time. [Citations.]" (*Uzyel, supra,* 188 Cal.App.4th at p. 927.)

The court in *Uzyel* determined the trustee successfully opposed several substantial claims in the trial court, including claims for the disgorgement of profits, damages for the misappropriation of trust funds, and lost profits. "His successful opposition to those claims shows that he had reasonable cause to oppose them. Moreover, the claims on which [the trustee] did not avoid liability presented questions concerning the existence of liability, measure of damages, or amount of disgorgement that were at least arguable. Our review of the award of the disgorgement of profits arising from [the trustee's] stock purchase, [the award of lost profits resulting from the sale of stock] and . . . [the trustee's] failure to protect [the trust's] investment in [certain] stock . . . has revealed substantial questions concerning the existence or amount of liability on those claims." (*Uzyel, supra,* 188 Cal.App.4th at p. 928, fn. omitted.) The *Uzyel* court commented in a footnote it expressed no opinion regarding the trustee's opposition to the claim for disgorgement of profits relating to an investment in a limited partnership because the trustee did not appeal that award and the appellants "did not seek an apportionment of attorney fees, so we need not decide whether apportionment would be appropriate or whether [the trustee's] opposition to the claim was 'without reasonable cause and in bad faith' (§ 17211, subd. (b))." (*Uzyel, supra,* 188 Cal.App.4th at p. 928, fn. 48.) Because the trustee's opposition to the civil action and his claims on appeal were not brought in bad faith or without reasonable cause, the court concluded the beneficiaries were not entitled to an attorney fee award under section 17211(b). (*Uzyel, supra,* 188 Cal.App.4th at p. 928, fn. 48.)

In light of the above authority, we conclude the Holts' argument Denholm acted in bad faith because he was found liable at trial misses the mark. For section 17211(b) fees, the Holts needed to show Denholm acted in bad faith in opposing the lawsuit. They failed to do so. The trial court reasonably concluded Denholm had reasonable cause to defend himself in the lawsuit. He successfully opposed five causes

9

of action.[3]  As to the other claims, the measure of damages, and amount of disgorgement of profits were all arguable issues.  Indeed, the measure of damages was analyzed and reviewed by two certified public accountants who gave different expert opinions on the matter.  Denholm's appeal of portions of the award was not brought in bad faith and the Holts did not seek an apportionment of attorney fees below or on appeal.  Thus, regardless of whether the underlying civil action qualified as a contest of the trustee's account, it cannot be said Denholm opposed the contest without reasonable cause or in bad faith.

## B.  Attorney Fee Award to CALCO Properties

On July 14, 2011, trial judge David C. Velasquez considered CALCO Properties' motion for attorney fees.  The court granted the motion in part and continued it in part for further briefing.  In its order, the court reasoned, "The court hereby finds [CALCO Properties] is the prevailing party in the litigation and is contractually entitled to attorney[] fees against the plaintiffs, both jointly and severally.  However, [CALCO Properties] has not provided sufficient detailed evidence of the fees incurred so as to permit this court to determine whether the amount of fees claimed are reasonable."

The court further explained, "In [the Holts' fourth] cause of action for breach of fiduciary duty, paragraphs 72 through 81 of the [FAC], the [Holts] alleged in part that [CALCO Properties] owed a fiduciary duty to the Trust arising out of its status as a co-member of the subject [LLC].  [The Holts] alleged that Trust funds represented a 'critical majority investment' of the LLC.  [The Holts] alleged the defendants, in structuring the LLC, sought to disadvantage the Trust by setting up the Trust to shoulder most of the risk in any investment by the LLC in order to dilute the Trust's interest in LLC ventures.  [The Holts] sought attorney[] fees against [CALCO Properties]

---

[3]  One cause of action was dismissed and four were found in his favor.

10

presumably on contractual grounds inasmuch as [the Holts] claimed the Trust was a member of the LLC. (Absent a contractual or statutory basis for attorney[] fees, a party is not entitled to such fees. The complaint does not reference any statutory basis for attorney[] fees.) [¶] Had [the Holts] been successful against the moving party at trial they could have plausibly obtained attorney[] fees under [paragraph] 18.2 of [HGC's] [o]perating [a]greement as prevailing parties in connection with an action for enforcement of the agreement. Where the non-signatory claims the benefit of an attorney[] fees clause in a contract, the opposition is likewise entitled to such fees if the opposition prevails in the action. [Citations.] Thus, as prevailing parties in the instant suit, [CALCO Properties] is entitled to fees under Civil Code [section] 1717 and Code of Civil Procedure [section] 1021. [¶] The hearing is continued to August 26, 2011 . . . only on the issue of the reasonable amount of attorney[] fees."

This ruling is essentially identical to the one the court issued in granting HGC and Waterpointe's motion for attorney fees. We affirmed that ruling in our opinion *Clunies A. Holt v. David M. Denholm* (April 28, 2014, G045496) [nonpub. opn.] (hereafter *Holt I*). It is not surprising the court applied the same analysis and used the same wording in its order when ruling on CALCO Properties' motion because the three entities (HGC, Waterpointe, and CALCO Properties) were all named in the Holts' fourth cause of action for breach of fiduciary duty. The only difference between the two rulings is the court requested that CALCO Properties submit supplemental documents regarding the issue of the reasonable amount of fees incurred.

The Holts appealed the two attorney fee award on the same grounds, arguing the trial court erred because they are not parties to the LLCs operating agreements and their causes of action were tort based and not "on a contract" within the meaning of Civil Code section 1717. As we explained in *Holt I* (filed concurrently with this opinion), the Holts are wrong.

11

We will not repeat our discussion of the applicable case law or reasons why the Holts' arguments lack merit but instead incorporate by reference our lengthy analysis of those issues. (*Holt I, supra,* G045496.) Simply stated, based on the pleadings presented in this case, we agree with the trial court's conclusion the Holts' breach of fiduciary duty cause of action regarding CALCO Properties was "on the contract." The fact the Holts did not plead a breach of contract claim is not dispositive. The action is based on breach of a promise that was contractual.

Here, the FAC alleged CALCO Properties owed a fiduciary duty to the Trust "and the [Holts] as beneficiaries" because the Trust "is a member" of CALCO I and HGC. They alleged CALCO I and CALCO Properties were essentially one and the same because CALCO I was in reality a "pass through vehicle" for CALCO Properties to invest the Trust's money into HGC. Moreover, CALCO Properties was the managing member of CALCO I and through this relationship owed a fiduciary duty to the Trust. Based on these allegations of co-membership, the Holts asserted CALCO Properties (along with CALCO I and HGC) owed and breached its fiduciary duty to the Trust and its beneficiaries.

As discussed in *Holt I, supra,* G045496, the Holts alleged the LLCs breached their fiduciary duty in two distinct ways. First, they asserted the LLCs breached a fiduciary duty owed to the Trust by creating other LLCs to enter into real estate ventures with disadvantageous terms for the Trust. Second, they asserted the members and managers diluted the Trust's equity in favor of the other LLCs and other co-members. We determined these fiduciary duties certainly arose out of and were not outside the contract. (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178-1179 ["An act such as breach of fiduciary duty may be both a breach of contract and a tort" and dependent on the "'the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortuous'"].) The fiduciary obligation of a

12

LLC member to equitably create and structure other LLCs for real estate ventures, and to make equitable cash contributions are all duties undertaken upon creation of the LLC's operating agreement and were not independent of it. A "member's" duties to other members are part of the promises made in forming the LLC. Consequently, a breach of these duties represented broken promises made within the contractual relationship, by definition an action in contract. (*Ibid.*)[4]

As the trial court recognized, the gravamen of the Holts' action against CALCO Properties was to *interpret* the LLCs operating agreements as including the Trust as a "member" and *enforce* the fiduciary duty obligations provided for by the agreement between members. The attorney fee clause contained in HGC's operating agreement broadly gave members of the LLC the right to recover fees "[i]f an action is commenced to enforce or interpret any provision hereof . . . ." The Holts did exactly that.

As noted above, we considered and rejected the following arguments raised by the Holts in *Holt I, supra,* G045496, and which are reasserted practically verbatim in this appeal regarding CALCO Properties: (1) neither the Trust nor the beneficiaries claimed to be members of the LLCs; (2) the action was not brought to enforce the LLCs operating agreements; (3) neither the Trust nor the Holts were parties to the agreement and therefore cannot be held contractually liable; (4) fees cannot be awarded solely because fees were requested in prayer for damages in the FAC; and (5) the Holts assert there is no basis to hold them individually liable for fees because they appeared in the action only in a representative capacity on behalf of the Trust. We need not repeat our

---

[4] We recognize the Holts also alleged the four LLCs aided and abetted Denholm in the breach of his fiduciary duty as trustee. We recognize these allegations are not based on contract and cannot serve as the basis for attorney fees under Civil Code section 1717. Our discussion addressed the Holts' allegation each LLC had a "distinct and separate fiduciary duty to the [Trust]." As stated, this purported independent fiduciary duty arose from the Trust's membership in the LLCs.

13

analysis and ruling with respect to these issues other than to say we found the contentions all lacked merit. (*Holt I, supra,* G045496.)

We will address two new arguments raised by the Holts. First, the Holts contend there was no evidence CALCO Properties *paid* any fees. They maintain CALCO Properties failed to submit a single bill or timesheet to support the attorney fee award. To the extent the Holts are suggesting CALCO Properties had the burden of proving fees were actually "paid" to counsel, they are wrong. The prevailing party may recover attorney fees and costs "which are *incurred* to enforce that contract." (Civ. Code, § 1717, italics added.) The meaning of this part of the statute has been litigated in other courts within the context of parties acting in propria persona who seek to recover fees under Civil Code section 1717. It is well settled, fees are not recoverable in those cases because, "To 'incur' a fee, of course, is to 'become liable' for it (Webster's New Internat. Dict. (3d ed. 1961) p. 1146), i.e., to become obligated to *pay* it. It follows that an attorney litigating in propria persona cannot be said to 'incur' compensation for his time and his lost business opportunities." (*Trope v. Katz* (1995) 11 Cal.4th 274, 280 (*Trope*.) In other words, Civil Code section 1717 applies to litigants who actually pay *or* become liable to pay for legal representation. (*Trope, supra,* 11 Cal.4th at p. 280*.*)

The Holts' second argument also lacks merit. They contend CALCO Properties failed to present documents showing the fees were reasonably necessary to conduct litigation. They point to the declaration filed in support of CALCO Properties' original motion for fees.

With respect to the original motion and supporting declaration, the Holts are right. Initially, CALCO Properties proposed that the trial court use a simplistic formula based on the total amount of fees incurred by Denholm and the 22 Denholm Related Entities. They requested $28,332.96 based on their counsel's representation this represented 1/22 of one-half the total amount of fees. We agree this declaration was insufficient evidence to support a fee award.

14

But that is not all the evidence regarding fees in the record. The Holts' argument is puzzling because they acknowledge the court gave CALCO Properties a second chance and continued the hearing for a determination of the amount of fees. CALCO Properties filed a supplemental brief requesting $938,690. In support of this motion, CALCO Properties submitted 26 pages of billing statements and a declaration explaining the hourly rate for the two attorneys litigating the case. CALCO Properties submitted its attorney's declaration that explained the attached billing statements were redacted to reflect the hours spent litigating the case on behalf of CALCO Properties. For each task performed, the billing statement showed a date, the attorney's initials, the time spent, and a short description.

Despite this evidence, the Holts complain on appeal that CALCO Properties failed to submit any evidence to support the attorney fee award. They assert, "[CALCO Properties] again did not submit a single bill or single timesheet or any evidence to support any attorney fees. The supplemental attorney declaration never addressed the issue of CALCO [Properties] incurring the fees, whether the fees sought were reasonably necessary for this lawsuit or reasonable in amount." We disagree.

The motion and declaration provided sufficient evidence of the fees incurred. CALCO Properties presented the following evidence: (1) Jeffrey Forer and his associate Shannon Burns bill at the hourly rate of $500 and $550 per hour; (2) the trial lasted four months and was litigated for over four years; (3) the billing statements were divided and organized into six categories (pleadings, discovery, depositions, pretrial work, trial, and posttrial litigation); (4) the billing statements were redacted to exclude all time entries that did not apply to CALCO Properties; and (5) the time spent on all the listed projects related to CALCO Properties and allegedly $938,690 represented "the reasonable amount of attorney[] fees due [CALCO Properties] as the prevailing party . . . ."

15

This evidence supports the conclusion CALCO Properties incurred attorney fees. The six categories of legal tasks designated by CALCO Properties' counsel all appear to be reasonably necessary for litigation. The Holts provide no case authority to support their theory CALCO Properties must also submit bills and timesheets to support the information contained on the billing statements. "Some federal courts require that an attorney maintain and submit 'contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney' in support of an application for attorney fees. [Citations.] . . . [¶] In California, an attorney need not submit contemporaneous time records in order to recover attorney fees, although an attorney's failure to keep books of account and other records has been found to be a basis for disciplinary action. [Citation.] Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, *even in the absence of detailed time records*. [Citations.]" (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559, italics added.) We find no error.

*C. Calculation of Fees*

CALCO Properties filed an appeal challenging the court's calculation of attorney fees, claiming the court arbitrarily relied on a simplistic formula rather than evaluating the evidence submitted regarding actual fees incurred in the case. As noted above, CALCO Properties' original motion for attorney fees asked the court to use a formula to calculate fees. The formula had previously been successfully used to determine and allocate court costs. The parties had added all the costs (exhibits, witness fees, etc.), and divided this sum in half, giving one-half to Denholm and the other half to the 22 Denholm Related Entities. In other words, the other half was divided into 22 equal parts.

Judge Velasquez rejected the formula proposed by CALCO Properties, seeking 1/44 of the total amount of attorney fees incurred by Denholm and the Denholm Related Entities ($28,333 =1/44 of $1,246,650.43). He continued the hearing and

16

requested CALCO Properties submit evidence "of the fees incurred so as to permit this court to determine whether the amount of fees claimed are reasonable."

CALCO Properties filed supplemental documents.  The continued hearing was held on October 31, 2011, before a different trial court, Judge Steven L. Perk.  He took the matter under submission.  He issued an order stating CALCO Properties' fee request "must be apportioned" based on the formula CALCO Properties initially proposed.  He awarded CALCO Properties $21,333.

"Civil Code section 1717 provides that '[r]easonable attorney[] fees shall be fixed by the court.'  As discussed, this requirement reflects the legislative purpose 'to establish uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions.'  [Citation.]  Consistent with that purpose, the trial court has broad authority to determine the amount of a reasonable fee.  [Citations.]  As we have explained:  'The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong'—meaning that it abused its discretion.  [Citations.]  [¶]  [T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate.  'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorney[] fee award.'  [Citation.]  The reasonable hourly rate is that prevailing in the community for similar work.  [Citations.]  The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided.  [Citation.]  Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary.  [Citation.]"  (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1094-1095 (*PLCM Group, Inc.*).)

17

Moreover, "'The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.' [Citation.] Although the terms of the contract may be considered, they 'do not compel any particular award.' [Citations.]" (*PLCM Group Inc., supra,* 22 Cal.4th at p. 1096.)

In the case before us, the court based the award of attorney fees on a simplistic formula of 1/44 of the total amount of attorney fees. The court did not consider the number of hours expended by counsel on behalf of CALCO Properties, the prevailing market rate for comparable legal services, equitable considerations, the nature of the litigation, the skill required, or any other circumstances of the case other than the total number of defendants (Denholm plus 22 others). This approach does not credit or represent an objective determination of the value of the attorney's services given to CALCO Properties. We found nothing in the record suggesting CALCO Properties required merely 1/44 of counsel's time. Based on this record, we conclude the court's award was arbitrary and cannot be affirmed.

### III

The postjudgment order denying the Holts' request for attorney fees is affirmed. The postjudgment order granting CALCO Properties' request for attorney fees is affirmed in part and reversed in part. The portion of the order holding CALCO Properties is entitled to an award of attorney fees is affirmed. The portion of the order awarding $21,333 in attorney fees is reversed and the matter remanded to the trial court to calculate the amount of reasonable and necessary attorney fees.

CALCO Properties' and Denholm's October 9, 2013 joint request for judicial notice is denied. CALCO Properties and Denholm shall recover their costs on

18

appeal incurred in Case No. G046293. CALCO Properties shall recover its costs on appeal incurred in G046425.

O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.