Filed 4/18/22  Cavanagh v. Cavanagh CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PETER J. CAVANAGH, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MICHAEL F. CAVANAGH, as Trustee, etc., <br><br> Defendant and Respondent. | 2d Civil No. B294140 <br> (consolidated w/B299039) <br> (Super. Ct. No. 56-2016-00488427-PR-TR-OXN) <br> (Ventura County) |

Respondent Michael F. Cavanagh (Trustee) is the trustee and one of seven beneficiaries of the Francois and Mary Carmel Cavanagh 1988 Trust (Trust).  The deceased grantors of the Trust are Trustee's parents.  Trustee's brother, Peter J. Cavanagh, also a beneficiary of the Trust, appeals in propria persona (1) a judgment approving Trustee's accounting and actions on behalf of the Trust and awarding Trustee his statutory costs of suit as the prevailing party, and (2) a postjudgment order requiring appellant to pay Trustee's reasonable expenses and costs of litigation, including attorney fees, pursuant to Probate

Code section 17211, subdivision (a).[1]  Appellant's contentions are too numerous to list in this introductory paragraph.  He filed a 93-page opening brief and a 92-page reply brief.  We affirm.

*Procedural Background*

Acting in propria persona, in May 2016 appellant filed a petition to compel Trustee to render an accounting of the trust assets.  The petition was filed in Solano County Superior Court.

In the petition appellant claimed that Trustee "has not provided any substantial information regarding the Trust to [appellant] since [Trustee] assumed office notwithstanding [appellant] has made multiple requests that he do so."  Appellant contended that Trustee "has used his office for his personal benefit, . . . has delegated official duties to other beneficiaries, . . . has favored some beneficiaries over others and . . . has suggested that loans made by the Trust to [appellant] be repaid contrary to the express terms of the Trust."  Appellant requested that Trustee be "surcharge[d]" for "'willful misconduct.'"

In October 2016 the Solano County Superior Court granted Trustee's motion to change the venue to Ventura County for the convenience of witnesses.

In his December 5, 2016 response to Trustee's reply to his petition, appellant claimed that (1) "Trustee . . . failed to claim, collect and/or preserve monthly rent checks paid by tenants of the Carl Karcher Property"; (2) Trustee failed to make "date of death valuations" of the Carl Karcher property and another property in

---

[1] Unless otherwise stated, all statutory references are to the Probate Code.  The appeal from the judgment was assigned case number B294140.  The appeal from the postjudgment order was assigned case number B299039.  On August 21, 2019, this court ordered that the appeals be consolidated for all purposes under case number B294140.

2

Butte County; and (3) Trustee "has not responded to numerous requests made by the Trust accountants for data needed to prepare and file Trust income tax returns." Appellant requested that Trustee be "[s]urcharg[ed] . . . for any loss in value of Trust assets for his failure to administer the Trust in a timely manner."

On December 8, 2016, the Ventura County Probate Court ordered Trustee to file an accounting for the trust period from September 17, 2015 through November 30, 2016.

In June 2017 appellant filed a 40-page complaint alleging seven causes of action against Trustee and his counsel. Trustee alleges, "The suit was eventually dismissed without prejudice."

In September 2017 Trustee filed his fourth supplement to the "First Account of [Trustee] For the Period Beginning September 17,2015 through August 18, 2017." In December 2017 appellant filed objections to the account. In January 2018 appellant filed additional objections. Appellant claimed: "Trustee should be assessed exemplary damages" because he has "contumaciously obstructed [appellant's] lawful right to information through bad-faith litigation and abuse of process. There is credible evidence he has vowed to deplete Trust assets doing so. The reason has now become apparent: approximately $550,000.00 in Trust assets have become unaccounted for during his administration."

The Ventura County Probate Court assigned the case to a civil court for a court trial. The trial lasted five days. In its statement of decision the court noted that "[appellant] concedes that he is not aware of any self[-]dealing by [Trustee] in his capacity as trustee." The court concluded: "[T]here is no evidence of malfeasance or misfeasance on the part of [Trustee] . . . . [Trustee] is in the position . . . of the aphorism that no good deed

3

goes unpunished. He has been the subject of undeserved criticism from his brother, which he has borne with a largely stoic demeanor." The court found that Trustee "has adequately fulfilled all of his legal duties as trustee." It overruled appellant's objections and determined Trustee to be the prevailing party "entitled to his statutory costs of suit."

The trial court entered judgment approving Trustee's accounting and his actions on behalf of the trust. Pursuant to Probate Code section 17211, subdivision (a), the court ordered appellant to pay Trustee's reasonable expenses and costs of litigation, including attorney fees of $72,699, because appellant's contest of Trustee's account was without reasonable cause and in bad faith.[2] The court reasoned: "None of the improper conduct on the part of the trustee has been found to be true. There was not a reasonable basis before the petition was filed to believe they were true. . . . [Appellant] has availed himself of the judicial system, and succeeded in causing the Trust to incur needless expense to the potential detriment of not only himself, but the other [six] beneficiaries. He has filed frivolous motions. He has attempted to sue counsel for the trust on specious and frivolous legal theories."

*Appellant's Opening Brief*

We focus on the headings in the argument section of appellant's opening brief. "[A]ppellant's brief 'must' '[s]tate each point under a separate heading or subheading summarizing the point . . . .' [Citations.] This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and

_____

[2] Trustee alleges that the expenses and costs awarded, including attorney fees, total $105,021.48.

4

so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citations]." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "[A]s is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) When we quote a heading, we omit boldface and capitalization.

"[W]e will not address arguments [or issues] raised for the first time in the reply brief [citation] . . . because [Trustee] lacked the opportunity to respond." (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295; see also *People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1232 ['"Points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. To withhold a point until the closing brief deprives the respondent of the opportunity to answer it or requires the effort and delay of an additional brief by permission"'].)

*Part A: Change of Venue*

In part A of the argument section of his opening brief, appellant maintains that the change of venue from Solano County to Ventura County "is a *nullity* because the Solano County Probate Court had no jurisdiction to make it." (Italics added.) Appellant appears to be claiming that the Solano County court lacked jurisdiction in the fundamental sense, i.e. it lacked jurisdiction over the subject matter or the parties. "A lack of fundamental jurisdiction is ""an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] . . ." [¶] . . . "[A]n act beyond a court's jurisdiction in the fundamental sense is null and void" *ab*

5

*initio. . . .*'"'" (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339 (*Kabran*). Appellant has not carried his burden of showing that the Solano County court lacked fundamental jurisdiction. (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649-650 (*Boyle*) ["an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness"].)

"[The California Supreme Court has] described [trial] courts that violate procedural requirements, order relief that is unauthorized by statute or common law, or otherwise "'fail[] to conduct [themselves] in the manner prescribed'" by law as acting "'in *excess* of jurisdiction.'"" (*Kabran, supra,* 2 Cal.5th at pp. 339-340.) "[A] court that acts in excess of jurisdiction still has 'jurisdiction over the subject matter and the parties in the fundamental sense' . . . ." (*Id.* at p. 340.)

If appellant is arguing that the Solano County court's change of venue was in excess of its jurisdiction, he has shown neither procedural error nor prejudice. "The burden is on the appellant in every case to show that the claimed error is prejudicial; i.e., that it has resulted in a miscarriage of justice." (*Cucinella v. Weston Biscuit Co.* (1954) 42 Cal.2d 71, 82.) "Where any error is relied on for a reversal it is not sufficient for appellant to point to the error and rest there." (*Santina v. General Petroleum Corp.* (1940) 41 Cal.App.2d 74, 77.) California Constitution, article VI, section 13 provides: "No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." "A miscarriage of justice occurs when it appears that a result

6

more favorable to the appealing party would have been reached in the absence of the alleged errors." *County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 945.) Appellant has failed to show that a result more favorable to him would have been reached had the venue not been changed.

*Part B: Acts in Excess of Jurisdiction by Ventura*
*County Probate Court and Nonprobate Trial Court*

In part B of his opening brief's argument section, appellant claims: (1) the Ventura County Probate Court ("probate court") "had no jurisdiction to modify its [final] Accounting Order granting [Trustee] leave to late file his accounts or jurisdiction to consider them" (first brackets in original); (2) the Ventura County nonprobate court ("trial court") to which the case was assigned for trial "ha[d] no authority to amend [the probate court's] orders and award [Trustee] fees pursuant to . . . § 17211 [record citation] and certainly not without 'due consideration'"; and (3) the "Trial Court had no jurisdiction and exceeded jurisdiction when it 'carved out' the cost of administration, which is a prerequisite of a 'statutorily compliant' account," and when it "excus[ed] [Trustee's] defiance [of the probate court's] orders [record citation] whether it be by affirmative exoneration or by failure to dispose."

The above claims are forfeited because they are not supported by meaningful, comprehensible legal analysis with citations to pertinent authority. "[I]t is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without [meaningful] argument and authority for the proposition,

7

'it is deemed to be without foundation and requires no discussion by the reviewing court.'" (*In re S.C., supra,* 138 Cal.App.4th at p. 408.)

In part B appellant also claims that the probate court "had no jurisdiction or exceeded its jurisdiction in assigning trial to a non-probate court." This claim is also forfeited because it is not supported by meaningful analysis with citations to authority. Moreover, the claim is without merit. "[E]ven in a county having a formal probate department, a nonprobate department *does not* lack fundamental jurisdiction over a probate matter. Instead, . . . the probate department has 'primary' jurisdiction and a nonprobate department 'secondary' jurisdiction of probate-related proceedings." (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1344; see also *Estate of Bowles* (2008) 169 Cal.App.4th 684, 695 ["The superior court is divided into departments, including the probate department, as a matter of convenience; but the subject matter jurisdiction of the superior court is vested as a whole"].)

*Parts C and D*

The heading for part C of appellant's argument section is, "The trial court has no jurisdiction to intrude into the internal affairs of the trust." The heading for part D is, "VCPC [Ventura County Probate Court] 'deemed' the draft [account] and four supplements to be [Trustee's] final account; judicially estopped him from changing it and the trial court exceeded its jurisdiction in doing so." The arguments under these headings are forfeited because they are not supported by meaningful legal analysis with citation to pertinent authority.

*Part E: Prevailing Party*

The trial court found, "The [T]rustee is the prevailing party in this litigation, and is entitled to his statutory costs of suit."

8

The heading of part E is, "[Appellant] is the prevailing party notwithstanding the judgment." But the trial court approved Trustee's accounting and actions on behalf of the trust. It found that Trustee "has adequately fulfilled all of his legal duties as a trustee." It also found that "[n]one of the [allegedly] improper conduct on the part of the [T]rustee has been found to be true." Because appellant recovered no relief against Trustee and Trustee's actions were vindicated, appellant cannot be the prevailing party. "[A] prevailing party is defined as '. . . a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.' (Code Civ. Proc., § 1032, subd. (a)(4).)" (*City of Santa Maria v. Adam* (2016) 248 Cal.App.4th 504, 515.)

*Part F: Failure to Comply with Statutory Requirements*

The heading of part F is, "The trial court prejudicially erred when it approved [Trustee's] account because it is not statutorily compliant." Appellant argues that the accounting "facially fails to comply with statutory prerequisites of a final account . . . ." Trustee, however, was not ordered to prepare a "final account." In December 2016 the probate court ordered Trustee to account for the trust period from September 17, 2015 through November 30, 2016. Trustee prepared an account entitled "First Account of [Trustee] For the Period Beginning September 17, 2015 through August 18, 2017." The probate court "deemed the account as of the fourth supplement to be the . . . [T]rustee's 'final' *opening* account." (Italics added.)

Section 1061 and 1062 set forth the required contents of an accounting. Appellant does not contend that Trustee failed to comply with any of these requirements. Instead, he contends

9

that appellant failed to include "a proposed schedule of distribution" as required by section 1063, subdivision (f). But such a schedule is required only "[i]f the accounting contemplates a proposed distribution." (*Ibid.*) Appellant does not show that the accounting contemplated such a distribution. Trustee alleges: "There was no proposal for distribution of this Trust in the accounting filed by Trustee. It was not time for distribution until [appellant's] objections had been tried and resolved."

Section 1063, subdivision (g) requires the account to include schedules for specified liabilities (subd. (g)(1)-(4)) and "[a]ny other material liability" (subd. (g)(5)). Appellant claims that the account omitted other material liabilities, but he does not identify these liabilities.

Appellant faults Trustee for not including in his account "Trust administrative costs pursuant to PC §16063[, subdivision] (a)(3)," which provides that an account shall include "[t]he trustee's compensation for the last complete fiscal year of the trust." In his account Trustee said that he "'reserves compensation requests to later in these proceedings.'" In view of appellant's accusations of grievous misconduct by Trustee, the account was not statutorily deficient because of the omission of Trustee's compensation. In his appellate brief Trustee explains that he "had reserved his request for fees until the court had heard the trial and ruled upon his conduct. Obviously, if his conduct was unacceptable, he might not be entitled to . . . any fees. His fees were not a liability of the Trust until he reported on them and made a request to be paid."

In any event, appellant waived or forfeited the compensation issue. The trial court said to appellant, "Whatever order I make in this I'm going to carve out of it the needs of

10

administration by the trustee.  And if [Trustee] wants those, he's going to have to in some form present them to probably [the probate court] for approval."  Appellant acquiesced in this procedure.  He responded:  "Okay.  Then there is no need to inquire about it further."  "'[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court.  [Citation.]  The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.'" (*Boyle*, *supra*, 137 Cal.App.4th at p. 649.)

Appellant asserts that the account failed to disclose "Trust cash allocation" as required by section 1064, subdivision (a)(5).  But the fourth supplement to the first account identifies four checking and savings accounts at Premier America Credit Union and shows the cash on hand in each account as of August 18, 2017.

*Part G: Award of Sanctions*

The trial court awarded sanctions pursuant to section 17211, subdivision (a), which provides:  "If a beneficiary contests the trustee's account and the court determines that the contest was without reasonable cause and in bad faith, the court may award against the contestant the compensation and costs of the trustee and other expenses and costs of litigation, including attorney's fees, incurred to defend the account.  The amount awarded shall be a charge against any interest of the beneficiary in the trust.  The contestant shall be personally liable for any amount that remains unsatisfied."

Appellant claims that the trial court did not have the authority to award sanctions because he did not contest Trustee's account within the meaning of section 17211, subdivision (a).

11

The claim is devoid of merit.  In his February 23, 2017 written objections to Trustee's first draft account, appellant objected that Trustee had failed (1) "to file a statutorily compliant trust account," (2) "to effectively administer the trust," (3) "to provide trust information to trust beneficiary," (4) "to marshal, protect & account for trust assets," (5) "to claim, collect & preserve trust assets," (6) "to determine date of death values of trust real estate," and (7) "to properly divide assets between exemption and survivor's trust." **(2CT 353, lines 1-8)~** (Boldface and capitalization omitted.)

Appellant's reliance on *Soria v. Soria* (2010) 185 Cal.App.4th 780, 783, is misplaced.  There, grandchildren proved at trial that an agreement signed by grandparents had created a trust for grandchildren's benefit.  In the trial court grandchildren successfully sought sanctions against grandparents pursuant to section 17211, subdivision (b), which authorizes the imposition of sanctions against a trustee who opposes a beneficiary's contest of an account if the opposition was without reasonable cause and in bad faith.  The appellate court reversed the trial court's order imposing sanctions.  The appellate court explained:  "Section 17211(b) does not permit recovery of attorney fees in this case for the simple reason Grandchildren did not contest a trustee's account.  Instead, Grandchildren pursued a civil action against Grandparents, alleging they breached their duties as trustees, and sought an injunction to compel Grandparents to produce an account.  The very existence of a trust was in dispute.  At trial, there was no contest of a trustee's account within the meaning of section 17211(b)." (*Soria, supra*, at p. 783.)  Unlike *Soria*, here appellant clearly contested Trustee's account.

Appellant next argues that "he has not acted without reasonable cause and in bad faith." "Reasonable cause is evaluated under an objective standard of whether any reasonable person would have tenably filed and maintained the objection. [Citation.] If there is no dispute as to what facts were known at the time the contest was initiated or maintained, the existence of reasonable cause is a question of law." (*Powell v. Tagami* (2018) 26 Cal.App.5th 219, 234.) Where, as here, the facts are disputed, we defer to the trial court's factual findings, whether express or implied, to the extent they are supported by substantial evidence. (See *People v. Adair* (2003) 29 Cal.4th 895, 897.) "Bad faith involves a subjective determination of the contesting party's state of mind—specifically, whether he or she acted with an improper purpose. [Citations.] . . . We review a finding of bad faith under the deferential substantial evidence standard." (*Powell, supra*, at p. 234.)

We presume that the trial court correctly determined that appellant had acted without reasonable cause and in bad faith. Appellant must affirmatively show that the trial court erred. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.'" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

Appellant has failed to carry his burden of showing that the record does not contain substantial evidence to sustain the trial court's findings. He makes the following conclusionary statements: "[Trustee] and counsel colluded to scam the [probate court] for sixteen months with verified sham accounts they held out to be genuine and [for which they] sought court approval."

13

(Italics and bold omitted.) "There was not a scintilla of evidence produced at trial or that exists in the record that even suggests [the appellant's] motivation was anything but a good faith undertaking to obtain information to which he has a statutory right and that [Trustee] refused to provide." Such conclusionary statements do not establish an absence of substantial evidence in support of the trial court's ruling.

Appellant contends that he had "no reasonable alternative but to object" since Trustee's "account is facially defective because *inter alia* it does not include either the costs of administration or a distribution schedule." But as we explained *ante*, at pp. 9-12, appellant has not shown that Trustee's account is facially defective.

Appellant accused Trustee of committing deliberate and malicious acts of misconduct. In objections filed on January 16, 2018, appellant alleged that "Trustee ha[d] contumaciously obstructed [appellant's] lawful right to information through bad-faith litigation and abuse of process" because he wanted to conceal that "approximately $550,00.00 in Trust assets have become unaccounted for during his administration." Furthermore, appellant said that Trustee had "vowed to deplete trust assets." Appellant requested "exemplary damages predicated on the Trustee's abject breaches of fiduciary duty." Appellant fails to cite evidence in the record showing that the above accusations of misconduct were not made in bad faith or without reasonable cause. The trial court noted that "[n]one of the [allegedly] improper conduct on the part of the trustee has been found to be true."

Furthermore, although there was a five-day trial, appellant failed to set forth in his brief the material evidence favorable to

14

Trustee on the reasonable cause/bad faith issue. "[W]hen the substantial evidence standard of review applies, the appellant is required "'to demonstrate that there is *no* substantial evidence to support the challenged findings." . . . A recitation of only [the appellant's] evidence is not the "demonstration" contemplated under the above rule. [Citation.] Accordingly, [when appellant[]] contend[s] [that] "some particular issue of fact is not sustained, [he is] required to set forth in [his] brief *all* the material evidence on the point and *not merely [his] own evidence.* Unless this is done the error assigned is deemed to be waived."'" (*Shenouda v. Veterinary Medical Bd.* (2018) 27 Cal.App.5th 500, 514.)

Finally, appellant asserts that Trustee's "memorandum of costs must be struck because it does not comply with applicable rules of court." But in his reply brief appellant "concedes [Trustee's] memorandum of costs is statutorily compliant and withdraws the issue."

*Part H: Spoliation of Evidence*

The heading for part H is, "The trial court prejudicially erred as a matter of law when it concluded [appellant's] remedy for spoliation [of evidence] was motion to compel [production of documents] and denied consideration on jurisdictional and no-notice grounds." Appellant asserts, "[Trustee's] spoliation was willful and its quantity material; representing nearly one-fourth of the total document he produced." The claims under Part H are forfeited because they are not supported by meaningful, comprehensible legal analysis with citations to pertinent authority and facts in the record.[3]

---

[3] In connection with the spoliation issue, on February 28, 2022, appellant filed a motion requesting that this court take judicial notice of footnote 2 at page 201 of volume two of the

15

*Part I: Fair Trial*

In Part I appellant contends he was denied a fair trial. Appellant argues, "If a reasonable member of the public at large attended all of the trial proceedings in this matter, it is unquestionable he/she would entertain doubts concerning the judge's impartiality." Appellant accuses the trial judge of "whimsically" failing to safeguard his rights and of "overruling legions of settled case law commencing in the 1800's." In the opening brief's conclusion appellant alleges that the trial judge "picked sides very early and rendered a judgement predicated on sympathy, passion and prejudice." Appellant's fair trial claims are forfeited because they are not supported by meaningful legal analysis with citations to pertinent authority and facts in the record.

*Part J: Denial of Appellant's Motion*
*for Judgment on the Pleadings*

In May 2018 appellant moved for judgment on the pleadings as to Trustee's accounting. In Part J appellant argues that the trial court erroneously denied his motion "because as a matter of law, [Trustee's] failure to include the cost of administration pursuant to PC §1063(g)(5) and a proposed distribution pursuant to PC §1063(f) renders his accounting facially defective." But as previously explained, appellant has failed to show that the accounting failed to comply with statutory requirements. (See *ante*, at pp. 8-11.)

Moreover, a motion for judgment on the pleadings does not lie as to an accounting. "'A motion for judgment on the pleadings performs the same function as a general demurrer . . . .'

Clerk's Transcript in a related pending appeal between the same parties, B310124. The motion is denied.

16

[Citation.]  'It is axiomatic that a demurrer lies only for defects appearing on the face of the pleadings.'" (*Sykora v. State Dept. of State Hospitals* (2014) 225 Cal.App.4th 1530, 1534.)  An accounting is not a pleading.  (See Code Civ. Proc., § 420 ["The pleadings are the formal allegations by the parties of their respective claims and defenses, for the judgment of the court"].)  Accordingly, the trial court did not err in denying appellant's motion for judgment on the pleadings.

*Part K: Adequacy of Statement of Decision*

The heading for Part K is, "The judgement is subject to reversal because the statement of decision is inadequate and ambiguous."  Appellant claims that the trial court committed reversible error by rejecting his 19 objections to the statement of decision.  The claim is forfeited because it is not supported by meaningful legal analysis with citations to pertinent authority and facts in the record.

Appellant lists 15 "find[ing]s and conclusions [in the statement of decision] that are not supported by fact or law or are inadequately supported."  The allegedly erroneous findings and conclusions are forfeited because appellant has failed to show that he objected to them.  (*Gomez v. Smith* (2020) 54 Cal.App.5th 1016, 1030.)  In addition, the alleged errors do not warrant a reversal because appellant has failed to show that they were prejudicial.  (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.)

*Part L: Alleged Right to Information*
*Within 60 days of Requesting It*

Appellant claims that in its statement of decision the trial court erroneously concluded that he had "incorrect[ly]" assumed "he had a right as a beneficiary to be furnished a list of trust assets and/or an accounting within 60 days of requesting the

17

information." The claim is forfeited because appellant fails to cite any authority to the effect that he had a right to receive such information within the 60-day period. (*County of Butte v. Emergency Medical Services Authority* (2010) 187 Cal.App.4th 1175, 1196, fn. 7.) Appellant has also failed to show that the alleged error in the statement of decision was prejudicial.

### *Part M: Alleged Breach of Trustee's Fiduciary Duty*

In Part M appellant contends: "[Trustee] has breached every aspect of his fiduciary duty regarding management of Trust assets. Approximately a third of the assets are producing no income, violating PC §16007. He has not complied with any aspect of the UPIR [Uniform Prudent Investor Act, §§ 16045-16054; 16002, subd. (a); 16003] contrary to PC §§16046; §16047 and he has maintained a third of Trust assets in high-risk gold speculation with no protection – a position professional precious metal traders and coin dealers like [Trustee's] own expert eschew." "The Trial Court's approval of [Trustee's] intentional breach of fiduciary duty to protect Trust assets and make them grow . . . is prejudicial error." Appellant's contentions are forfeited because they are not supported by meaningful argument with citations to authority and facts in the record.

### *Disposition*

The judgment is affirmed. The postjudgment order requiring appellant to pay Trustee's reasonable expenses and costs of litigation, including attorney fees, is also affirmed. Trustee shall recover his costs on appeal.

18

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Peter J. Cavanagh, in pro. per., for Plaintiff and Appellant.

Thomas E. Olson, for Defendant and Respondent.